Terry Earl Harvey THOMPSON, Plaintiff–Appellant,

v.

Nicholas ARMENAKIS, Superintendent, Oregon State Correctional Institution, Defendant,

and

Linda Springer, Administrative Director of Medical Health Services at OSCI; Robert Thomas, Assistant Director, Medical Health Services at OSCI; Michael Puerini, Doctor at OSCI; Morgan, Corporal at OSCI, Defendants–Appellees.

No. 99–35816.

D.C. No. CV–98–00084–HJF.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2001 *.

Decided March 13, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Plaintiff Terry Earl Harvey Thompson brought this § 1983 action in which he claims that Defendants Springer, Puerini, Thomas, and Doe acted with deliberate indifference to his serious medical needs, in violation of the Eighth and Fourteenth Amendments. He also claims that Defendant Morgan retaliated against him for complaining about the lack of medical treatment. The district court granted summary judgment to Defendants, and we affirm.

■ The district court did not err when it granted summary judgment to Defendants Springer, Puerini, Thomas, and Doe. Taking Plaintiff's allegations as true, during the period from mid-September to mid-November 1997, he complained repeatedly that he was in pain, that he needed to see a doctor, and that he needed certain medical equipment. It is undisputed, however, that between September 2 and December 23 Plaintiff was examined three times by Dr. Puerini, twice by Dr. Becker, and once by Dr. Kenagy. It also is undisputed that, during the relevant period, Plaintiff received prescription painkillers, an X-ray, and special medical equipment. At most, Plaintiff has proved that he did not receive the precise medical treatment that he sought on the precise day when he sought it. That is insufficient to demonstrate deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (holding that a plaintiff failed to establish deliberate indifference even though his "treatment was not as prompt or efficient as a free citizen might hope to receive").

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

748

Neither did the district court err when it granted summary judgment to Defendant Morgan. Again taking Plaintiff's allegations as true, Morgan forced Plaintiff to move from one bed to a neighboring bed without assistance. Plaintiff, who uses a wheelchair, claims that this task took him three hours. But Plaintiff provided no evidence that Morgan's decision to make Plaintiff change beds without assistance was in retaliation for his having exercised a constitutional right. *See Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (stating this required element of proof).

AFFIRMED.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.